UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ACH-SAH JAMES ET AL**          **CASE NO. 6:21-CV-01204**

**VERSUS**                        **JUDGE JUNEAU**

**POLARIS INC ET AL**             **MAGISTRATE JUDGE HANNA**

## MEMORANDUM RULING

Before the Court are three (3) pending motions in this products liability personal injury suit: a motion to remand filed by plaintiffs (Rec. Doc. 12), a motion to dismiss filed by defendants (Rec. Doc. 18), and a motion to amend filed by plaintiffs (Rec. Doc. 23). For the reasons explained herein, the Court finds that plaintiff's motions to amend and to remand should be **GRANTED**; as the Court lacks subject matter jurisdiction, it will not consider the defendants' motion to dismiss.

### Factual Background

Plaintiffs are the purchasers of a 2018 Hammerhead GTS 150P Go-Cart-Style Off-Road Vehicle ("Vehicle") from Performance Powersports, LLC ("Performance") in Houma, Louisiana. (Rec. Doc. 23-1). The vehicle was manufactured and distributed by defendants Polaris, Inc. and Polaris Sales, Inc. (collectively, "Polaris"), both domiciled in Minnesota. (*Id.* at ¶ 1).

Plaintiffs allege that on or about March 24, 2020, during its operation, the vehicle's axle fractured, and its rear passenger wheel detached from the vehicle, resulting in the vehicle rolling over and landing on top of plaintiffs Ach-Shah James and A.J., a minor. (*Id.* at ¶ 10).

Plaintiffs filed suit against Polaris and the retailer, erroneously named as "Wholesale Powersports, LLC" ("Wholesale"), as well as TJ Powersports, LLC, and Hammerhead Off-Road in Louisiana's Sixteenth Judicial District Court for the Parish of St. Mary on March 28, 2021. (Rec. Doc. 1-3). Defendants removed the suit to this court on the basis of diversity jurisdiction, alleging improper joinder of Wholesale and TJ Powersports. (Rec. Doc. 1).

## **Law and Analysis**

Plaintiffs' motion seeks remand of this suit to the Louisiana state district court from which it was removed on the basis that the diversity jurisdiction upon which defendants' removal was based does not exist. (Rec. Doc. 12 at p. 5). Plaintiffs also seek amendment of their complaint to substitute Performance Powersports, LLC ("Performance") in place of Wholesale, who it erroneously named in its state court petition. (Rec. Doc. 1-3). Defendants request dismissal of plaintiffs' June 9, 2021 amended complaint, filed without leave of court, on the basis that it was improper under the local and federal rules. Alternatively, defendants seek dismissal of the amendment for failure to state a claim. (Rec. Doc. 18).

**I.     Amendment**

Plaintiffs' proposed amended complaint no longer includes claims against Wholesale, but instead seeks to add Performance as a defendant in Wholesale's place as the retailer of the vehicle. (Rec. Doc. 23-1). Defendants oppose this proposed amendment under *Hensgens*. (Rec. Doc. 27).

Defendants' removal of this suit was premised upon defendants' allegation of improper joinder regarding Wholesale. Specifically, defendants argue that plaintiffs knew or should have known that Wholesale was not the vehicle retailer, as shown on the vehicle bill of sale. (Rec. Doc. 1). Defendants claim that they have not acted to conceal the identity of the retailer to plaintiffs, citing the affidavit of John Soileau ("Soileau"). (Rec. Doc. 1-4).

"The court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). When leave to amend is sought after removal of the case, however, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When presented with a motion for leave for post-removal amendment, the consequence of which is the destruction of subject matter jurisdiction, federal district courts consider several factors in determining whether to grant leave: (1) the extent to which the purpose of the amendment is the defeat of subject matter jurisdiction; (2) the extent to which the plaintiff has been dilatory in seeking the amendment; (3) the extent to which denial of leave will

prejudice the plaintiff; and (4) other factors bearing upon the equities in the case. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

After reviewing the briefs regarding the relevant factors, the Court finds that plaintiffs' proposed amendment should be granted in this matter. Regarding the first factor, plaintiffs original state court petition stated claims against Wholesale as the purported vehicle retailer. (Rec. Doc. 1-3). Soileau's affidavit attests that Wholesale was not the retailer but is a closely affiliated LLC with interrelated membership. (Rec. Doc. 1-4). Plaintiffs' proposed amendment seeks, effectively, to substitute Performance as the retailer in place of Wholesale. As asserted by plaintiffs, plaintiffs' original state court petition names Performance as an "AKA" identity of Wholesale, fully informing all parties of its theory of interrelated structure among these LLCs. (Rec. Doc. 1-3). Thus, in the Court's view, plaintiffs' jurisdictional stance has not changed since the inception of the suit. Plaintiffs have, at all times, attempted to name the vehicle retailer, a Louisiana LLC, as defendant to this suit. *Krupski v. Costa Croceire S.p.A.*, 560 U.S. 538 (2010).

This Court also finds that plaintiffs' delay in seeking leave to amend has not been excessive. Plaintiff's state court petition was filed in March of 2021 and plaintiffs sought defendants' consent prior to filing for leave, which they withheld, bringing us to the instant motions in July of 2021. As a practical matter, we do not

consider the span of several months excessive under the facts of this case.[1] Regarding the prejudice factor, the Court finds that, as noted by defendants themselves, plaintiffs will likely have an opportunity to state claims against Performance because defendants will draw the retailer into the suit "out of an abundance of caution" even if plaintiffs' motion to amend is denied. (Rec. Doc. 27 at pp. 12-13). Herein, we believe, is the truest assessment of the frivolity of defendants' removal of this suit and opposition to plaintiffs' motion. Defendants consider Performance an essential party to the suit, yet they would file a motion to oppose their inclusion as a named party by plaintiffs.

This observation brings us to the fourth factor: equities of the case. Plaintiffs filed this suit in state court and have adequately demonstrated that it should be tried there, as this court lacks subject matter jurisdiction. Moreover, this Court strongly suspects defendants have advanced frivolous arguments in an attempt to deprive plaintiffs of their selected forum. Taken together, the *Hensgens* factors strongly weigh in favor of plaintiff's proposed amendment and, accordingly, remand.

**II.     Remand**

---

[1] Although we are not required to do so at this point, we note the issue of prejudice to defendants. Defendants present no basis for a finding by this Court that they were deprived of notice of this suit. Defendants' opposition admits receipt of plaintiffs' original petition on April 5, 2021, although defendants contest the validity of service based on plaintiffs' failure to file a service affidavit in the state court record. (Rec. Doc. 27).

While jurisdiction is evaluated at the time of removal, applicable statutes and jurisprudence clearly require subsequent remand when, as here, plaintiffs successfully request post-removal addition of one or more non-diverse defendants. 28 U.S.C. § 1447(e); *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001); *Cobb v. Delta Imports, Inc.*, 186 F.3d 675 (5th Cir. 1999).

## Conclusion

Based on the foregoing,

**IT IS ORDERED** that the plaintiffs' Motion for Leave to Amend, Rec. Doc. 23, is hereby **GRANTED**. Moreover, as plaintiffs' amendment adds a non-diverse defendant,

**IT IS FURTHER ORDERED** that the plaintiffs' motion to remand, Rec. Doc. 12, is hereby **GRANTED**, and this matter is **REMANDED** to Louisiana's Sixteenth Judicial District Court for the Parish of St. Mary. In light of this action and recognizing its lack of subject matter jurisdiction, this Court will not consider the defendants' motion to dismiss, Rec. Doc. 18.

**THUS DONE AND SIGNED** at Lafayette, Louisiana on this 4th day of August, 2021.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE